IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

      Plaintiff,

vs.                                                                          No. CR 10-2674 JB

AGUSTIN DEHOYOS-BANDERAS,

      Defendant.

**MEMORANDUM OPINION AND ORDER**

**THIS MATTER** comes before the Court on the Defendant's Sentencing Memorandum, filed December 6, 2010 (Doc. 16). The Court held a hearing on January 3, 2011. The primary issues are: (i) whether the Court should grant Defendant Agustin Dehoyos-Banderas a downward departure based on cultural assimilation; and (ii) whether the Court should grant Dehoyos-Banderas a downward variance. The Court will exercise its discretion not to depart downward based on cultural assimilation, because it believes that Dehoyos-Banderas' case fits within the heartland of cases. The Court will downwardly vary to a sentence of 18 months, based on the factors set forth in 18 U.S.C. § 3553(a).

**PROCEDURAL BACKGROUND**

On September 21, 2010, the United States Attorney charged Dehoyos-Banderas with violations of 8 U.S.C. § 1326(a) and (b) -- re-entry of a removed alien. See Information, filed September 21, 2010 (Doc. 9). On September 21, 2010, Dehoyos-Banderas entered into a Non-Standard Fast Track Plea Agreement, in which he pled guilty to the Information charging a violation of 8 U.S.C. §§ 1326(a) and (b). See Non-Standard Fast Track Plea Agreement, filed September 21,

2010 (Doc. 12). On November 8, 2010, the United States Probation Office disclosed a Presentence Investigation Report ("PSR"). The PSR calculates Dehoyos-Banderas' total offense level at 21, his total offense level pursuant to rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure at 20, and his criminal history category at I. The guideline imprisonment range for a base offense level of 20 and a criminal history category of I is 33 to 41 months.

On December 6, 2010, Dehoyos-Banderas filed his Sentencing Memorandum. See Doc. 16. In his Sentencing Memorandum, Dehoyos-Banderas argues that the Court should grant a downward departure based on cultural assimilation. Dehoyos-Banderas further asks the Court to grant a downward variance. He argues that a reduced sentence would be sufficient, but not greater than necessary, to comply with the purposes of sentencing in 18 U.S.C. § 3553(a).

On December 8, 2010, the United States filed its Response to Defendant's Sentencing Memorandum Filed on December 6, 2006 (Doc. 16). See Doc. 17. In its Response, the United States contends that a departure or variance from the guideline range based on cultural assimilation is not warranted. It further argues that any variance from the advisory guideline range is not warranted.

## ANALYSIS

The Court will exercise its discretion not to depart downward based on cultural assimilation. It believes that Dehoyos-Bandaeras' case fits within the heartland of cases. The Court will, however, downwardly vary to a sentence of 18 months, based on the factors set forth in 18 U.S.C. § 3553(a).

**I.    A DOWNWARD DEPARTURE ON THE BASIS OF CULTURAL ASSIMILATION IS NOT WARRANTED IN THESE CIRCUMSTANCES.**

Dehoyos-Banderas argues that a downward departure based on cultural assimilation is appropriate. He argues that he has lived in the United States most of his life. He asserts that he has

worked in Las Cruces most of his adult life, and that he and his wife have been active members in the community, participating in church, school functions, coaching sports, fund raising, and helping the needy.

The United States argues that the Court should not grant a downward departure based on cultural assimilation, because of the seriousness of Dehoyos-Banderas' criminal history, because he has engaged in additional criminal activity after illegally re-entering the United States, and because of the likelihood of increased risk to the public from further crimes by Dehoyos-Banderas.

Application note 8 to U.S .S.G. § 2L1.2 states:

> There may be cases in which a downward departure may be appropriate on the basis of cultural assimilation.  Such a departure should be considered only in cases where (A) the defendant formed cultural ties primarily with the United States from having resided continuously in the United States from childhood, (B) those cultural ties provided the primary motivation for the defendant's illegal reentry or continued presence in the United States, and (C) such a departure is not likely to increase the risk to the public from further crimes of the defendant.
>
> In determining whether such a departure is appropriate, the court should consider, among other things, (1) the age in childhood at which the defendant began residing continuously in the United States, (2) whether and for how long the defendant attended school in the United States, (3) the duration of the defendant's continued residence in the United States, (4) the duration of the defendant's presence outside the United States, (5) the nature and extent of the defendant's familial and cultural ties inside the United States, (6) the seriousness of the Defendant's criminal history, and (7) whether the defendant engaged in additional criminal activity after illegally reentering the United States.

U.S.S.G. § 2L1.2 app. note 8.[1]  Unfortunately, Dehoyos-Banderas' situation is not significantly different from the situations of other the defendants that the Court sees day in and day out. Dehoyos-Banderas came to the United States when he was approximately twelve years old.  The

---

[1] This application note was added to the guidelines effective November 1, 2010. The Court uses the guidelines manual in effect on the date the defendant is sentenced. See U.S.S.G. § 1B1.11 ("The Guidelines Manual in effect on a particular date shall be applied in its entirety.").

problem in this case is that the record does not indicate continual residence in the United States. It appears that, for many years, Dehoyos-Banderas went back and forth between Mexico, and the United States. As a result of going back and forth, it does not look like Dehoyos-Banderas ended up with much education either in Mexico or in the United States. Although Dehoyos-Banderas went to Odessa Community College in Odessa, Texas during 1985 to obtain his General Development Diploma ("GED"), it appears that he never acquired his GED. Dehoyos- Banderas used an interpreter at the sentencing hearing. As a result, the Court is not sure that Dehoyos-Banderas ended up being as culturally assimilated as many people who come to the United States when they are babies or very young children. The Court believes that this lack of steady presence in the United States is the biggest problem for Dehoyos-Banderas' cultural assimilation motion. Although Dehoyos-Banderas has lived in the United States for part of his life, he appears to have significant and numerous ties to Mexico. His wife and children were recently deported to Mexico after having their visas revoked. His surviving sisters and brother reside in Mexico. He spent a significant amount of time in Mexico, and as a result, the Court is not sure he has been culturally assimilated in the ways for which the Court looks in motions for a downward departure based on cultural assimilation. Dehoyos-Banderas has engaged in criminal activity while he has been in the United States -- he has three felony convictions for burglary of a habitation -- and so he has some criminal history other than the illegal re-entry case here. The Court therefore finds that his situation is not outside the heartland of cases. Unfortunately, the Court sees many people in his situation, who are about Dehoyos-Banderas' age and who have spent a lot of time in the United States, but at the same time, still have considerable ties and roots with Mexico. And so while the Court believes that a motion for a downward departure on cultural assimilation is authorized, it will exercise its discretion not to depart, because it believes Dehoyos-Banderas fits within the heartland of cases. The Court

will therefore deny Dehoyos-Banderas' request for a downward departure based on cultural assimilation. The Court will, however, take his arguments into account in his request for a variance and fashioning a sentence that reflects all the factors in 18 U.S.C. § 3553(a).

## II.     THE COURT WILL DOWNWARDLY VARY TO A SENTENCE OF 18 MONTHS.

The Court has carefully reviewed the PSR and its factual findings. There not being any objections to those, the Court will adopt those as its own. The Court has also considered the sentencing guideline applications in the PSR, and having denied Dehoyos-Banderas' request for a downward departure, the Court will adopt the sentencing guideline applications in the PSR as its own.

The Court has also considered the factors set forth in 18 U.S.C. § 3553(a). Before any downward departure, Dehoyos-Banderas' offense level is 21 and his criminal history category is I, establishing a guideline imprisonment range of 37 to 46 months. Pursuant to rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure and U.S.S.G. 5K3.1, however, the Court accepts the plea agreement, which stipulates to an offense level of 20, because the Court is satisfied that the agreed offense level departs for justifiable reasons, which include the United States Attorney's adoption of the early disposition program in this district. In Section 401(m)(2)(B) of the PROTECT Act, Congress approved early disposition or fast-track programs. This departure on Dehoyos-Banderas' offense level is at the bottom of the range of departures that Congress allowed under Section 401, and the specific reason for the downward departure is that the plea agreement is pursuant to a fast-track program. The Court's sentence will be consistent with the plea agreement, which allows Dehoyos-Banderas to ask for a departure and a variance. See Plea Agreement ¶ 8, at 3-4.

An offense level of 20 combined with a criminal history category of I establishes a guideline imprisonment range of 33 to 41 months. The Court notes Dehoyos-Banderas reentered the United

States after previously being deported subsequent to a crime of violence -- burglary of a habitation. The Court has carefully considered the guidelines, but in arriving at a sentence, the Court has taken into account not only the guidelines but other sentencing goals as well. Specifically, the Court has considered the guideline sentencing range for the applicable category of offense committed by the applicable category of defendant. After careful review of the letters that Dehoyos-Banderas' family, community, and neighbors sent, the Court concludes that the punishment that is set forth in the guidelines is not appropriate for this offense.

The Court has considered the kinds of sentences and ranges that the guidelines establish, and the Court believes a number of factors support a variance in this case. First, the criminal activity that has raised Dehoyos-Banderas' sentence is getting close to being twenty years old. After a period of time in his youth from about age eighteen to age twenty-six, Dehoyos-Banderas has not committed criminal activity. Although Dehoyos-Banderas has three convictions for burglary of a habitation, Dehoyos-Banderas did not commit actual violence against residents of the homes; it appears he broke into habitations when the residents were absent and stole coins, clothing, cuff-links, and medallions from the homes. And while the crimes that he committed that cause him to receive a 16-level enhancement are serious and the enhancement is high, the Court is very concerned about the age of the convictions. Dehoyos-Banderas appears to have made a change in his life. It appears that he has been a good neighbor and a good community member over the last twenty years. The problem is that Dehoyos-Banderas has been deported a number of times. He has been deported formally, and he received a serious sentence -- a sentence of 15 months -- for illegal re-entry from the Western District of Texas. It appears that Dehoyos-Banderas has not gotten the message that he needs to not return to the United States. The Court believes that a variance is appropriate to reflect that it does not believe that Dehoyos-Banderas is a real danger to the community. The Court

believes that his serious criminal activity, as far as violent criminal activity, is far behind him. But the Court believes that his sentence needs to reflect the fact that he continues to come back into the United States and that he cannot continue to do so without suffering consequences. The Court thus believes that it should downwardly vary approximately 4 levels to lessen the 16-level enhancement, because of the age of the prior convictions and the level of actual violence in them, which would result in approximately a 12-level enhancement.

While the Court does not believe that a downward departure on the basis of cultural assimilation is warranted, the Court does believe that the variance should reflect some of the considerations Dehoyos-Banderas raised in his argument for a downward departure, and the Court will therefore downwardly vary approximately an additional offense level. The Court will thus impose a sentence in line with a sentence for an offense level of 15 and a criminal history category of I, which would suggest an imprisonment range of 18 to 24 months. The Court believes that a sentence of 18 months is appropriate, because it appears that Dehoyos-Banderas has served approximately 16 months in prison for the two burglaries he committed, and he also received a 15-month sentence for illegal entry in 1991, and the Court believes that anything below a sentence of 18 months begins to send the wrong signal about re-entering the United States. The Court believes that a sentence of 18 months reflects the seriousness of the offense, is sufficient to promote respect for the law, and provides a more just punishment than a sentence of 33 months. The Court believes that a sentence of 18 months is adequate to afford adequate deterrence. A sentence of 18 months is more than Dehoyos-Banderas has received in the past, but it is not considerably more. The Court does not believe that he is a danger to the public, so the Court does not believe that it has to emphasize that factor. The Court thus believes that a sentence of 18 months fully and effectively reflects each of the factors embodied in 18 U.S.C. § 3553(a). And while the Court's task as a trial

court is not to come up with a reasonable sentence, but to balance the 18 U.S.C. § 3553(a) factors correctly, see <u>United States v. Conlan</u>, 500 F.3d 1167, 1169 (10th Cir.2007)("[A] district court's job is not to impose a reasonable sentence. Rather, a district court's mandate is to impose a sentence sufficient, but not greater than necessary, to comply with the purposes of section 3553(a)(2).") (citation omitted), the Court believes that this sentence is more reasonable than one in the guideline range. Most importantly, this sentence is sufficient without being greater than necessary to comply with the purposes set forth in the Sentencing Reform Act.

**IT IS ORDERED** that the Defendant's Sentencing Memorandum, filed December 6, 2010 (Doc. 16) is granted in part and denied in part. The Court denies Defendant Agustin Dehoyos-Banderas' request for a downward departure based on cultural assimilation. The Court grants Dehoyos-Banderas' request for a downward variance, and the Court downwardly varies to a sentence of 18 months imprisonment.

                                                                       _____
                                                                       UNITED STATES DISTRICT JUDGE

*Counsel:*

Kenneth J. Gonzales
  United States Attorney
Lynn Wei-Yu Wang
  Assistant United States Attorney
Albuquerque, New Mexico

      *Attorneys for the Plaintiff*

P. Jeffery Jones
P. Jeffery Jones, P.C.
Santa Fe, New Mexico

      *Attorney for the Defendant*