# UNITED STATES DISTRICT COURT
**District of New Mexico**

| | |
|---|---|
| UNITED STATES OF AMERICA<br>V.<br>**Agustin Dehoyos-Banderas** | **Judgment in a Criminal Case**<br><br>(For Offenses Committed On or After November 1, 1987)<br>Case Number: **2:10CR02674-001JB**<br>USM Number: **58019-051**<br>Defense Attorney: **Jeffrey Jones, Appointed** |

THE DEFENDANT:

☒ pleaded guilty to count(s) **Information**
☐ pleaded nolo contendere to count(s)  which was accepted by the court.
☐ after a plea of not guilty was found guilty on count(s)

The defendant is adjudicated guilty of these offenses:

| *Title and Section* | *Nature of Offense* | *Offense Ended* | *Count Number(s)* |
|---|---|---|---|
| 8 U.S.C. Sec. 1326(a)/(b) | Re-entry of a Removed Alien | 08/09/2010 | |

The defendant is sentenced as provided in pages 2 through **6** of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count .
☐ Count   dismissed on the motion of the United States.

IT IS FURTHER ORDERED that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

**January 3, 2011**
Date of Imposition of Judgment

**/s/ James O. Browning**
Signature of Judge

**Honorable James O. Browning**
**United States District Judge**
Name and Title of Judge

**March 22, 2011**
Date Signed

Defendant: **Agustin Dehoyos-Banderas**
Case Number: **2:10CR02674-001JB**

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of **18 months**.

**The Court recommends that Immigration and Customs Enforcement begin removal proceedings during service of sentence.**

The Court incorporates its sentencing Memorandum Opinion and Order in United States v. Dehoyos-Banderas, CR10-2674 JB, filed March 18, 2011 (Doc. 27). As that opinion and order demonstrates, the Court has carefully considered the case`s circumstances. The Court has carefully reviewed the PSR and its factual findings. There not being any objections to those factual findings, the Court will adopt those as its own. The Court has also considered the sentencing guideline applications in the PSR, and having denied Defendant Agustin Dehoyos-Banderas` request for a downward departure based on cultural assimilation, because Dehoyos-Banderas` case fits within the heartland of cases, the Court will adopt the sentencing guideline applications in the PSR as its own.

The Court has also considered the factors set forth in 18 U.S.C. § 3553(a). Before any downward departure, Dehoyos-Banderas` offense level is 21 and his criminal history category is I, establishing a guideline imprisonment range of 37 to 46 months. Pursuant to rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure and U.S.S.G. 5K3.1, however, the Court accepts the plea agreement, which stipulates to an offense level of 20, because the Court is satisfied that the agreed offense level departs for justifiable reasons, which include the United States Attorney`s adoption of the early disposition program in this district. In Section 401(m)(2)(B) of the PROTECT Act, Congress approved early disposition or fast-track programs. This departure on Dehoyos-Banderas` offense level is at the bottom of the range of departures that Congress allowed under Section 401, and the specific reason for the downward departure is that the plea agreement is pursuant to a fast-track program. The Court`s sentence will be consistent with the plea agreement, which allows Dehoyos-Banderas to ask for a further departure and a variance. See Plea Agreement ¶ 8, at 3-4.

An offense level of 20 combined with a criminal history category of I establishes a guideline imprisonment range of 33 to 41 months. The Court notes Dehoyos-Banderas reentered the United States after previously being deported subsequent to a crime of violence -- burglary of a habitation. The Court has carefully considered the guidelines, but in arriving at a sentence, the Court has taken into account not only the guidelines but other sentencing goals as well. Specifically, the Court has considered the guideline sentencing range for the applicable category of offense committed by the applicable category of defendant. After careful review of the letters that Dehoyos-Banderas` family, community, and neighbors sent, the Court concludes that the punishment that is set forth in the guidelines is not appropriate for this offense.

The Court has considered the kinds of sentences and ranges that the guidelines establish, and the Court believes a number of factors support a variance in this case. First, the criminal activity that has increased greatly Dehoyos-Banderas` advisory guidelines sentencing range is getting close to being twenty years old. After a period of time in his youth from about age eighteen to age twenty-six, Dehoyos-Banderas has not committed criminal activity. Although Dehoyos-Banderas has three convictions for burglary of a habitation, Dehoyos-Banderas did not commit actual violence against residents of the homes; it appears he broke into habitations when the residents were absent and stole coins, clothing, cuff-links, and medallions from the homes. And while the crimes that he committed which cause him to receive a 16-level enhancement are serious and the enhancement is high, the Court is concerned about the age of the convictions. Dehoyos-Banderas appears to have made a change in his life. It appears that he has been a good neighbor and a good community member over the last twenty years. The problem is that Dehoyos-Banderas has been deported a number of times. He has been deported formally, and he received a serious sentence -- a sentence of 15 months -- for illegal re-entry from the Western District of Texas. It appears that Dehoyos-Banderas has not gotten the message that he needs to not return to the United States. The Court believes that a variance is appropriate to reflect that it does not believe that Dehoyos-Banderas is a real danger to the community. The Court believes that his serious criminal activity, as far as violent criminal activity, is behind him. But the Court believes that his sentence needs to reflect the fact that he continues to come back into the United States and that he cannot continue to do so without suffering consequences. The Court thus believes that it will downwardly vary equivalent to approximately 4 levels to lessen the 16-level enhancement, because of the age of the prior convictions and the level of actual violence in them, which would result in approximately a 12-level enhancement.

While the Court does not believe that a downward departure on the basis of cultural assimilation is warranted, the Court believes that the variance should reflect some of the considerations Dehoyos-Banderas raised in his argument for a downward departure, and the Court will therefore downwardly vary approximately an additional offense level for his strong ties to the United States.

The Court will thus impose a sentence in line with a sentence for an offense level of 15 and a criminal history category of I, which would suggest an imprisonment range of 18 to 24 months. The Court believes that a sentence of 18 months is appropriate, because it appears that Dehoyos-Banderas has served approximately 16 months in prison for the two burglaries he committed, and he also received a 15-month sentence for illegal entry in 1991, and the Court believes that anything below a sentence of 18 months begins to send the wrong signal to Dehoyos-Banderas and the public about re-entering the United States. The Court believes that a sentence of 18 months reflects the seriousness of the offense, is sufficient to promote respect for the law, and provides a more just punishment than a sentence of 33 months. The Court believes that a sentence of 18 months is adequate to afford adequate deterrence. A sentence of 18 months is more than Dehoyos-Banderas has received in the past, but it is not considerably more. The Court does not believe that he is a danger to the public, so the Court does not believe that it has to emphasize that factor. The Court thus believes that a sentence of 18 months fully and effectively reflects each of the factors embodied in 18 U.S.C. § 3553(a). And while the Court`s task as a trial court is not to come up with a reasonable sentence, but to balance the 18 U.S.C. § 3553(a) factors correctly, see United States v. Conlan, 500 F.3d 1167, 1169 (10th Cir.2007)("[A] district court`s job is not to impose a reasonable sentence. Rather, a district court`s mandate is to impose a sentence sufficient, but not greater than necessary, to comply with the purposes of section 3553(a)(2).")(citation omitted), the Court believes that this sentence is more reasonable than one in the guideline range. Moreover, this sentence is sufficient without being greater than necessary to comply with the purposes set forth in the Sentencing Reform Act.

☒ The court makes the following recommendations to the Bureau of Prisons:

**The Court recommends Cibola County Detention Center, Grants, New Mexico, if eligible.**

☒ The defendant is remanded to the custody of the United States Marshal.
☐ The defendant shall surrender to the United States Marshal for this district:
　☐ at  on
　☐ as notified by the United States Marshal.
☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:
　☐ before 2 p.m. on
　☐ as notified by the United States Marshal
　☐ as notified by the Probation or Pretrial Services Office.

# RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to
_____ at _____ with a Certified copy of this judgment.

UNITED STATES MARSHAL

By

DEPUTY UNITED STATES MARSHAL

Defendant: **Agustin Dehoyos-Banderas**
Case Number: **2:10CR02674-001JB**

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of **3 years unsupervised**.

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.
The defendant shall not commit another federal, state, or local crime.
The defendant shall not unlawfully possess a controlled substance.
The defendant shall refrain from any unlawful use of a controlled substance.
The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

- ☐ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)
- ☒ The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. (Check, if applicable).
- ☒ The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check, if applicable).
- ☐ The defendant shall register with the state, local, tribal and/or other appropriate sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer. (Check, if applicable.)
- ☐ The defendant shall participate in an approved program for domestic violence. (Check, if applicable)

If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Criminal Monetary Penalties sheet of this judgment.
The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

### STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement;

Defendant: **Agustin Dehoyos-Banderas**
Case Number: **2:10CR02674-001JB**

## SPECIAL CONDITIONS OF SUPERVISION

**The defendant must not reenter the United States without legal authorization.**

Defendant: **Agustin Dehoyos-Banderas**
Case Number: **2:10CR02674-001JB**

## CRIMINAL MONETARY PENALTIES

The defendant must pay the following total criminal monetary penalties in accordance with the schedule of payments.

☒ The Court hereby remits the defendant's Special Penalty Assessment; the fee is waived and no payment is required.

| Totals: | **Assessment** | **Fine** | **Restitution** |
|---|---|---|---|
| | $100.00 | $0.00 | $0.00 |

## SCHEDULE OF PAYMENTS

Payments shall be applied in the following order (1) assessment; (2) restitution; (3) fine principal; (4) cost of prosecution; (5) interest; (6) penalties.

Payment of the total fine and other criminal monetary penalties shall be due as follows:

The defendant will receive credit for all payments previously made toward any criminal monetary penalties imposed.

A  ☐  In full immediately; or

B  ☐  $ immediately, balance due (see special instructions regarding payment of criminal monetary penalties).

**Special instructions regarding the payment of criminal monetary penalties: Criminal monetary penalties are to be made payable by cashier's check, bank or postal money order to the U.S. District Court Clerk, 333 Lomas Blvd. NW, Albuquerque, New Mexico 87102 unless otherwise noted by the court. Payments must include defendant's name, current address, case number and type of payment.**

Unless the court has expressly ordered otherwise in the special instructions above, if this judgment imposes a period of imprisonment, payment of criminal monetary penalties shall be due during the period of imprisonment. All criminal monetary penalty payments, except those payments made through the Bureau of Prisons' Inmate Financial Responsibility Program, are to be made as directed by the court, the probation officer, or the United States attorney.